· CENTURY STEEL COMPANY OF AMERICA, INC., Appellant, v. HOLSAM COMPANY, INC., Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Putnam, Kelly and Jaycox, JJ.

ROLAND R. CONKLIN, Respondent, v. THEODORE P. SHONTS, Appellant. — Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.

MOLLIE STAMILE D'ELISA, Respondent, v. MARY LOUISA RITTONDO and Others, Defendants, Impleaded with MARIA GATA SANTORO, Appellant. — Order reversed, with ten dollars costs and disbursements, and motion granted to the extent of permitting appellant to interpose an answer and defend. In the meantime the judgment and sale to stand until the determination of the issues to be raised by the answer, and the purchaser enjoined from disposing of the property. The wife received no interest in the property under foreclosure through the will of her husband. The death of the husband extinguished his interest and left her the sole owner through her tenancy by the entirety. Whether the two wills made by the husband and the wife upon the same piece of paper were made pursuant to a contract to make reciprocal or mutual wills is a question of fact. (*Edson* v. *Parsons*, 155 N. Y. 555; *Rastetter* v. *Hoenninger*, 214 id. 71; *Hermann* v. *Ludwig*, 186 App. Div. 287.) If there was such a contract and the wife received property from the husband under it, she was bound to carry it out. This contract did not deprive her of the power and right to dispose of her property in any way except by testamentary disposition, or by gift in the nature or in lieu of a testamentary disposition, or with intent to defeat the purpose of such agreement. (*Rastetter* v. *Hoenninger*, *supra*.) Whether the mortgage was such a gift is a question of fact. These questions seem to be sufficient to warrant a trial; and the infancy of the appellant at the time of the foreclosure proceeding justifies the court, in the exercise of its control over its own judgments, to afford the appellant an opportunity to present her case. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concurred.

HERMAN EGER, Respondent, v. NEW YORK CONSOLIDATED RAILROAD COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ.

WINIFRED HOWELL, as Administratrix, etc., of REBECCA COVENEY, Deceased, Respondent, v. NEW YORK RAILWAYS COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ.